We have one case to be argued today, United States v. Wynne. We have three cases on submission, Frederick v. United Brotherhood of Carpenters, United States v. Vasquez-Polanco, and D.S. Rendite Fonz v. Esser Capital Americas. We'll hear United States v. Wynne. Good morning. May it please the court, my name is Florian Medell. I represent the appellant, Derek Wynne. Your Honor, Judge Arizari, who has earned the reputation of handing out harsh sentences for violations of supervised release, imposed a sentence here of nearly two years above the top of the applicable guideline range. In my argument, I'd like to focus on the substantive unreasonableness of this severe sentence because substantive and procedural reasonableness are intertwined here. Hadn't she given him quite a break in previous proceedings in that what concerned her most, it seemed to me, was a violation of trust? Right, Your Honor. Your Honor, she did indicate in her explanation of sentencing that she had given him a significant break originally on his underlying sentence, and that is true. Indeed, his guideline range was 262 to 327 months. He got time served, which was the equivalent of four and a half years. And in both commentary to the guidelines and in our case law, we've said that where a defendant's original sentence reflects consideration, especially as in this case for cooperation, and then betrays the trust the court shows, it's entirely appropriate for the court to sentence above the recommended guidelines for the violation. Yes, Your Honor, an upward departure is permitted by the guidelines, but the reasons for that upward departure and the extent of that upward departure must still be sufficiently compelling. Here, Mr. Wynn received a significant break, as we said, but he got that break in exchange for extraordinary substantial assistance, and that doesn't... It's not a bizarre. It's not like that's your payment. It's the assumption in part is that by cooperating with the government, you've turned your back on the life of crime. Now, here, he got the benefit, but he'd also absconded supervision for two years. He had engaged in criminal conduct in Georgia. I mean, there were a number of aggravating factors, so to the extent you want to say that 36 months was not within the range that was available to the judge as a reasonable sentence, I'm not sure I understand your argument. Well, my argument is that a sentence of two and a half times the top of the guideline range, almost two years above the guideline range, even in light of these factors, was not sufficiently compelling, especially with the concern that Judge Irizarry considered other inappropriate factors in her sentencing. As is clear from the record, the court mentioned not once but twice Mr. Wynn's alleged cohabitation with a young female minor. That was in response to efforts by you to suggest that he had not engaged in any kind of troubling conduct while he was in Georgia. Isn't that right? Well, Your Honor, she mentioned that. That he had made substantial efforts to lead a law-abiding life. She mentioned this fact twice. The first time was in her general remarks about sentencing, where she said, you were with an underage girl. I'm not buying this nonsense of, well, you know, she looked older. She said she was older. That's garbage. Those were the explanations that were given by law enforcement for why they did not pursue any charges against Mr. Wynn. What about the district court's written explanations? Sorry? What about the district court's written explanations? Well, the district court's written ultimately what the court says at the oral pronouncement of sentence controls. And while she didn't mention those factors in the written explanations,  And, of course, that had been an original violation, and that was not challenged at the hearing. The court made no finding as to those facts, and it's not something she should have considered. Didn't Wynn fail to dispute those facts at sentencing and, in fact, admitted that they were true, didn't he? Are you talking about the allegation about the underage girl? Yeah. Well, he did not admit that he committed any kind of crime, and not at all. He did not deny that he was with a — Well, didn't his attorney admit that he was staying at a place where there was access device equipment? Oh, that's a secondary issue. He stayed in an apartment as an overnight guest where there was device-making equipment. He was never charged with that, and it was not his device-making equipment. He didn't admit that it was his, and that was never adjudicated by Judge Irizarry, and she considered that as well as additional criminal conduct in addition to the crime that he was actually charged with and to which he was sentenced, again, well above the guideline range by the Georgia Federal District Court. My concern here is that the court considered inappropriate facts in determining the sentence and at least bringing it up to the high level that it was, and also that the explanations that she did provide were not sufficiently compelling to warrant that kind of high sentence. I'm not suggesting that she couldn't have considered the fact that he absconded, even though that was a violation that was dismissed, but that's an undeniable fact, of course, and she could have considered that. But, for example, the absconding was a Class C violation, which had a 5- to 11-month guideline, and even if she had, for example, imposed a consecutive sentence for that, he still wouldn't have come up to the level of 36 months. Could you please just recommend it? Of course. The judge is entitled to consider, for instance, the fact that it's who absconded was someone whom she had given a considerable break to and therefore wanted on close supervision given the seriousness of his original crime of conviction. I would have thought the absconding by itself could have supported a 36-month sentence, and yet you say it's unreasonable as a matter of law. Well, this Court has said numerous times that the explanations for upward departures must be sufficiently compelling, and obviously different minds can disagree about what constitutes sufficiently compelling. You said it must be compelling. I mean, especially after the Supreme Court's recognition that the guidelines aren't mandatory, though these guidelines have never been mandatory on violations. I mean, we recognize that a district judge has to consider the guidelines and that larger departures require more explanation than smaller departures, but where have we said it has to be compelling? Well, they require more extensive explanations, and I think that the explanations here are not sufficient to warrant the kind of sentence you got. Your Honors, Mr. Wynn's 36-month sentence here, I think in the words of Judge Shin in the Aldine case, may not have shocked the conscience, but I think it did stir the conscience, and to the degree that it can be avoided, a person shouldn't have to fear a two-year-above-guideline sentence just because his judge happens to be Judge Irizarry, who considers her trust violated by violations of supervised lease. Well, this is Judge Winter in New Haven. This is not the first case I've seen in which a judge gives a relatively light sentence for the crime, and the defendant then goes out and commits violations of supervised release, which is then followed by the judge giving a stiff sentence. It's not just Judge Irizarry. Lots of judges believe in giving lighter sentences at sentencing and letting defendants know they face a serious sentence if they violate supervised release. Why should we discourage that kind of practice? Why should we come down with a ruling that says a judge cannot levy a fairly long sentence above guidelines range in view of putting trust in the defendant at the original sentencing? Why should we discourage that? Well, Your Honor, I'm not sure that the court needs to discourage that. I think that the court has to look at the individual facts of this particular case to see whether in this particular case the kind of sentence that Judge Irizarry imposed was appropriate. Isn't it the case, though, that she had not imposed significant sanctions on previous violations of supervised release? Well, Your Honor, there had been previous violations of supervised release. However, those violations were quite minor. But your description of this judge as being so harsh is in no way in variance with the reality of this case. Where his original sentence was on the lenient side, he violated terms of supervised release, was not sanctioned in any way for the reasons that you suggest, that perhaps they were minor. But the story of this case is not a story of a judge who is being excessively harsh throughout. I'm sorry, Your Honor. In fact, Mr. Winn was sanctioned by Judge Irizarry on those prior violations. He was sentenced to four months of home confinement, which was not inappropriate given the gravity of the offenses. But I think it would be wrong. On one occasion. There were three occasions on which he engaged in unauthorized contact with gang members, right? Yes. You treat that as minor, but for a judge who recognizes that he was engaged in gang activity involving drugs and weapons, for him to be making contact again with people in that milieu is something that many judges would view quite seriously. Well, there were a lot of positive factors. Nevertheless, for those violations, the most that happened to him was that he wound up on four months house detention. That's correct. And it's only when then he absconds, he engages in further criminal conduct, that he winds up being incarcerated again. And you're here, you started out. Your opening statement to this court was that the Chief Judge of the Eastern District of New York has a reputation for unwarranted sentences, which I'm not sure you can document, but in any event. My statement was that she has a reputation for harsh sentences on violations of supervised release, which whether they're unwarranted or not is left to somebody else. But I think in this particular case, her sentence was unreasonable. All right. Thank you. Thank you. May I please the court? Good morning. My name is David Pitluck. I'm an Assistant U.S. Attorney in the Eastern District of New York. And I would just like to focus on a couple of things related to the breach of trust that the court has touched on, but I'd really like to emphasize. One is that the repeated violations of supervised release began three months after the defendant was released from this very, very, very lenient sentence from Judge Irizarry. And they started with, as the courts recognized, gang association, serious gang association with people whom he committed this crime with. And the judge gave him a break. She put him on home confinement, which he violated. He violated the conditions of home confinement. That was part of one of the violations of supervised release report. But then he absconded, never heard from until he's arrested. And his reasoning when he comes back is, I had to abscond because I feared for my safety from people that testified against me, or that I testified against or cooperated against. I apologize. He didn't testify. And the judge addressed that in her sentencing, saying, that's ridiculous. You associated with felons. Now you come back here and blame the FBI in probation for doing that when they specifically tried to help you. So the breach of trust has become compounded. Not only does the defendant take advantage of this lenient sentence, not only does he repeatedly take advantage of her lenient conduct related to the violations of supervised release, but when he absconds, commits new crimes, he comes back and says, it's not my fault. And the judge addressed that and said, that's just not true. You're taking advantage of us. And I don't know how many more times Judge Irizarry needed to say, this is a sentence for the breach of conduct. She was very careful to say that. And two separate occasions, at the beginning of her sentence and at the end. And everything in the sentencing was viewed through that lens. So I don't believe that this is a sentence that is manifestly unjust, as the Second Circuit standard is for an above-guideline sentence in this nature. This is a sentence, as the Court's alluded to, that is related to an egregious breach of trust of the Court, repeatedly taking advantage of second chances and committing serious crimes while doing so. With respect to the uncharged and unproven conduct in the view of your adversary, there was no hearing, there was no specific findings. Is that a problem? I don't believe it is, Your Honor, because as we pointed out in our papers, it wasn't the basis for the sentence. I think the case law makes clear the judge is allowed to consider the defendant's conduct in assessing the breach of trust. That's made perfectly clear. The judge made, as we said, two references to it. One of which was in response to defense counsel. And the other, which I believe was in response to the defendant, who spoke at sentencing and addressed this violation. I think she, or this conduct, I think the judge is more than allowed to reference it. But I think, as we pointed out, this is not the case where it was something she relied on in making her sentence. That's abundantly clear from both the oral pronouncement and the written pronouncement that this is based on the breach of trust. And that all of those factors is what she can consider in the breach of trust. She didn't come out and say, I'm sentencing you to 36 months in part because you were caught with an underage girl in Georgia that you transferred from New York. But it was raised both by the defendant and defense counsel. And it's appropriate for the judge to address that. Unless the court has any other questions, I will sit down. Thank you. Unless the court has other questions, I'm finished as well. Thank you. Thank you both for your arguments. The court will reserve decision. The remaining cases are on submission. The clerk will adjourn court. Court is adjourned.